**LAKEVIEW DAIRY SERVICES, INC., Appellee,**

v.

**DANGLER, Appellant.**

[Cite as *Lakeview Dairy Services, Inc. v. Dangler* (1989), 65 Ohio App.3d 753.]

Court of Appeals of Ohio,
Sandusky County.

No. S–88–43.

Decided Dec. 29, 1989.

*John Zinkand,* for appellee.

*J. Vincent Buchanan,* for appellant.

---

ABOOD, Judge.

This is an appeal from a decision of the Sandusky County Court of Common Pleas granting judgment for plaintiff-appellee, Lakeview Dairy Services, Inc., on its complaint for breach of a lease contract and assessing damages against appellant in the amount of $21,112. Appellant sets forth two assignments of error:

"The trial court's admission into evidence of Exhibits A and B was contrary to the Ohio Rules of Evidence, causing substantial and prejudicial error to appellant in that only by such admission could judgment for plaintiff against defendant have been the resultant decision of the trial court, and in that such admission predetermined the therefore improperly granted directed verdict against defendant's counterclaim, and the improper denial of defendant's motion for a directed verdict against plaintiff.

"The trial court erred in its findings and calculation of losses based thereon causing substantial harm to appellant."

The facts which are relevant to the issues on appeal are as follows. In the spring of 1985 appellant, in response to an advertisement, contacted appellee regarding the leasing of some dairy cattle. Appellant first met with a Dr. Miller to discuss the possible lease arrangements and then on April 5, 1985, met with appellee's president, Gary Neterer, at which time an agreement was reached, documents were signed and appellant paid appellee a deposit of $1,250. Pursuant to their agreement, a total of twenty-eight dairy cows were delivered to appellant. Thereafter, appellant made payments under the lease agreement of $660 in June 1985, $726 in July 1985, $1,000 in November 1985, $700 in December 1985, $700 in January 1986, $500 in February 1986, and $500 in April 1986 for a total of $4,786. No payments were made in August, September or October 1985. On May 13, 1986, appellee sent a notice of termination notifying appellant that his lease would be terminated ten days after his receipt of the notice due to his failure to comply with the terms of the lease including failure to pay rent due, failure to maintain proper assignment of the milk production receipts and failure to maintain the animals and their offspring at a proper location in accordance with the terms of the lease.

On June 27, 1986, appellee filed a complaint against appellant alleging breach of the April 5, 1985 lease agreement and requesting that the court order the lease terminated, order appellant to surrender all livestock and their offspring, order that the proceeds from the milk production be given to appellee and grant judgment for past due rent in the amount of $6,764 and future rents from July 1, 1986. On August 1, 1986, appellant filed his answer in which he denied that the document attached to the complaint was a true and accurate copy of the lease agreement. Appellant also filed a counterclaim alleging that the actual terms of the lease agreement as negotiated on April 5, 1985 were different from those contained in the written lease agreement and that Neterer had made false and fraudulent statements to him to induce him to sign the contract. Finally, appellant requested damages for fraud and misrepresentation by appellee.

On September 8, 1988, the case proceeded to trial to the court. At the conclusion of trial, the court entered judgment in favor of plaintiff on its complaint. In determining damages, the court found first that the price per month per head for the lease of the cattle was $29. The court then multiplied that amount by twenty-six months, the span of the lease agreement until terminated by appellee, which resulted in a judgment of $21,112 as the total amount of rent due appellee by appellant under the lease. The court then subtracted appellant's initial deposit in the amount of $1,250, appellant's prior

rent payments in the amount of $4,786 and funds already on deposit with the court in the amount of $11,357. On September 27, 1988, the court's final judgment entry was journalized.

· In his first assignment of error, appellant asserts, essentially, that the trial court's admission into evidence of appellee's Exhibits A and B over appellant's objection constitutes prejudicial error. Appellant argues that Evid.R. 1002 requires the original document, that Exhibit A is not the original document and that none of the exceptions contained in Evid.R. 1003 and 1004 apply. Appellant also argues that the documents are fraudulent and that the terms contained therein are not what was agreed to by the parties. More specifically, appellant argues that Exhibit B was retyped after his original signature and that when retyped the terms were changed.

 This court will confine its analysis of appellant's first assignment of error to that which is stated therein: that the court erred in admitting appellee's Exhibits A and B into evidence at trial.[1] We must first note, however, that the testimony at trial indicates that appellant objected only to the admission of Exhibit A on the basis of Evid.R. 1002, and not to the admission of Exhibit B:

"MR. PALMQUIST: 'A' I will object to. 'B–1,' 'B–2,' no objection. 'C,' no objection. 'D,' no objection. 'E,' 'F,' 'G,' 'H,' all no objection. 'I,' no objection. 'J,' I will object. 'K–1, 2, 3, 4,' no objection."

Specifically, appellant argued at trial that Exhibit A could not be qualified under any of the four exceptions delineated in Evid.R. 1004 because the original had not been lost. Attorney for appellee submitted, however, that Exhibit A was a duplicate of the original lease agreement signed by appellant, that he had lost or misplaced the original, that appellant has not shown that it differs from the original in any way and, therefore, it is admissible. The trial court admitted Exhibit A into evidence, finding:

"THE COURT: I'm going to admit Plaintiff's Exhibit 'A.' However, I want the record to reflect that it seems to me that Exhibit 'A' not being the original, and agreeing with Mr. Palmquist's allegations that this is what we're about is attack on Exhibit 'A,' it seems to me that it not being the original takes us out of the parol evidence rule and allows Defendant to attack the terms of the lease. And I think that Exhibit 'A' should be admitted, and I think that most

---

**1.** A number of the arguments set forth by appellant in support of his first assignment of error challenge the terms contained in Exhibit A as fraudulent and not in accordance with his previous agreement with appellee. To the extent that such arguments are applicable to the issue of the weight to be accorded to Exhibits A and B, rather than the issue of the admissibility of those documents, which is raised in this appeal, these arguments will not be considered herein.

of what Mr. Palmquist is going at goes more to the weight that the Court should attach to the terms of Exhibit 'A,' as opposed to its actual admissibility. And his attacks are more properly directed at the weight, and perhaps properly so I'll be anxious to hear the rest of the testimony. But 'A,' as it stands, is admitted as not the original of the lease agreement, but a copy of the lease agreement that has been lost or destroyed. 'A' is admitted."

Evid.R. 1002 provides as follows:

"To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio."

Evid.R. 1003 provides as follows:

"A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

In *Natl. City Bank v. Fleming* (1981), 2 Ohio App.3d 50, 57, 2 OBR 57, 63, 440 N.E.2d 590, 598, the Eighth District Court of Appeals held that a party who seeks to exclude a "duplicate" from evidence pursuant to Evid.R. 1003 has the burden of demonstrating that the duplicate should not be admitted. That court went on to state that pursuant to Evid.R. 1003, the determination of whether or not to admit a duplicate is within the sound discretion of the trial court. *Id.*

Based upon our review of the record, specifically the testimony of the parties concerning Exhibit A, we find that the trial court's decision to admit Exhibit A into evidence was not arbitrary or unreasonable.

Accordingly, appellant's first assignment of error is found not well taken.

■ In his second assignment of error appellant asserts that the trial court erred in calculating appellee's damages. Specifically, appellant argues that the court awarded appellee far more damages than it was entitled to.

Based upon our review of the record we find that there was competent, credible evidence to support the trial court's award of damages to appellee. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

Accordingly appellant's second assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Costs assessed to appellant.

*Judgment affirmed.*

CONNORS and GLASSER, JJ., concur.